# EXHIBIT A

Wrobel & Schatz LLP
Attorneys for Plaintiffs
1040 Avenue of the Americas, 11th Floor
New York, NY 10018
(212) 421-8100

SUPREME COURT STATE OF NEW YORK
COUNTY OF THE BRONX
-----------------------------------------------------------------x
SURREY EQUITIES, LLC and
SURREY PROPERTY MANAGEMENT, LLC,
Suing on behalf of themselves and their
Manager and Guarantors,

                                   Plaintiffs,

         -against-

CAPITAL ONE, N.A. as Successor to
NORTHFORK BANK,

                                   Defendant.
-----------------------------------------------------------------x

Index No. 301848 /2011

SUMMONS

Summons and Complaint
Filed on March 1, 2011

To the above-named defendant:

    **You are hereby summoned** to answer the complaint in this action and to serve a copy of your answer on plaintiffs' attorney within 20 days after service of this summons, exclusive of the date of service, or within 30 days after completion of service where service is made in any other manner than by personal service within the state. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

1

Pursuant to CPLR 503(a), Plaintiffs designate the County of Bronx as the place of trial.

Dated: March 1, 2011
      New York, New York

WROBEL & SCHATZ LLP

By: _____
David C. Wrobel, Esq.
Attorneys for Plaintiffs
1040 Avenue of the Americas-11th floor
New York, New York 10018
212-421-8100

Wrobel & Schatz LLP
Attorneys for Plaintiffs
1040 Avenue of the Americas, 11th Floor
New York, NY 10018
(212) 421-8100

SUPREME COURT STATE OF NEW YORK
COUNTY OF THE BRONX
---------------------------------------------------------------x
SURREY EQUITIES, LLC and
SURREY PROPERTY MANAGEMENT, LLC,
Suing on behalf of themselves and their
Manager and Guarantors,

Index No.        /2011

                Plaintiffs,

COMPLAINT

     -against-

CAPITAL ONE, N.A. as Successor to
NORTHFORK BANK,

                Defendant.
---------------------------------------------------------------x

Plaintiffs Surrey Equities, LLC and Surrey Property Management, LLC, suing herein on behalf of themselves and their Guarantors, by and through their attorneys, Wrobel & Schatz LLP, as and for their Complaint against defendant Capital One, N.A. as Successor to Northfork Bank, N.A., allege as follows:

### Introduction

1. Both plaintiff Surrey Equities, LLC and plaintiff Surrey Property Management, LLC, (hereinafter, collectively, the "Surrey Plaintiffs") are limited liability companies organized and existing under the laws of the State of New York.

2. Upon information and belief, defendant Capital One, N.A. as Successor to Northfork Bank ("Capital One") is a national banking association with branches in the Bronx, New York.

1

## Facts

### The Surrey Plaintiffs' Checking Accounts

3. Both plaintiff Surrey Equities, LLC and plaintiff Surrey Property Management, LLC, at all times relevant hereto, were owned by Leon Silvera, Edward Silvera, and Tivoli Partners, LLC, an entity controlled by Jacob Frydman and managed by Leon Silvera, Edward Silvera, and Jacob Frydman.

4. Beginning in 2004, the Surrey Plaintiffs established checking accounts numbered 3014007029, 3014010486, and 3014007169 with Capital One and/or its predecessor-in-interest, Northfork Bank.

5. According to the explicit terms of the relevant account agreements, no checks could be drawn on the checking accounts without the signatures of at least two signatories, one of whom was required to be Jacob Frydman.

### Capital One's Violation of the Account Agreements

6. Notwithstanding the foregoing, and in derogation of Mr. Frydman's rights, Capital One improperly cleared approximately $1.7 million in checks drawn on the accounts of the Surrey Plaintiffs in violation of and in breach of its agreement not to do so.

### Capital One's Alleged Claims Against Guarantors

7. Notwithstanding its blatant violation of the relevant account agreements, Capital One has recently started demanding from guarantors of the Surrey Plaintiffs, including Jacob Frydman, payment in respect of certain sums allegedly due.

8. Specifically, Capital One has demanded: $345,689.93 plus interest from Jacob Frydman in respect of a line of credit issued by Capital One; $330,264.00 plus interest

from Jacob Frydman in respect of a letter of credit issued by Capital One for the benefit of White Acre Equities, LLC; and $628,674.00 plus interest from Jacob Frydman, Leon Silvera, and Ed Silvera in respect of a line of credit issued by Capital one in favor of Surrey Equities, LLC.

### First Cause of Action
### (Breach of Contract - Surrey)

9. Plaintiffs repeat and reallege each and every allegation set forth herein in paragraphs 1 through 8 above.

10. Capital One breached its contractual obligations to plaintiffs when it allowed the clearance of checks that did not contain the signature of Jacob Frydman.

11. As a result of the foregoing, Plaintiffs have been damaged in an amount to be determined at trial, believed to be in excess of $1.7 million.

### Second Cause of Action
### (Breach of Contract - Frydman)

12. Plaintiffs repeat and reallege each and every allegation set forth herein in paragraphs 1 through 8 above.

13. Capital One breached its contractual obligations to Frydman, the manager of Surrey Plaintiffs, when it allowed the clearance of checks that did not contain the signature of Jacob Frydman.

14. As a result of the foregoing, Jacob Frydman has been damaged in an amount to be determined at trial, believed to be in excess of $1.7 million.

### Third Cause of Action
(Negligence)

15. Plaintiffs repeat and reallege each and every allegation set forth herein in paragraphs 1 through 8 above.

16. Capital One was negligent when it allowed the clearance of checks that did not contain the signature of Jacob Frydman.

17. As a result of the foregoing, Plaintiffs have been damaged in an amount to be determined at trial, believed to be in excess of $1.7 million.

### Forth Cause of Action
(Set-off)

18. Plaintiffs repeat and reallege each and every allegation set forth herein in paragraphs 1 through 8 above.

19. As a result of the foregoing, the guarantors of the Surrey Plaintiffs, including Jacob Frydman, are entitled to a Declaration that they may set off, against any sums allegedly due from them, such amounts as Capital One improperly cleared, in an amount to be proven at trial, believed to be in excess of $1.7 million.

**WHEREFORE**, Plaintiffs Surrey Equities, LLC and Surrey Management, LLC, on behalf of themselves and their Managers and Guarantors, demand judgment against Capital One, N.A. as follows:

    a. On the First Cause of Action, a judgment in an amount to be determined at trial and believed to be in excess of $1.7 million, together with interest, reasonable attorney's fees and costs, and such further relief as the Court may deem just and proper;

    b. On the Second Cause of Action, a judgment in an amount to be determined at trial and believed to be in excess of $1.7 million, together

4

with interest, reasonable attorney's fees and costs, and such further relief as the Court may deem just and proper;

c. On the Third Cause of Action, a judgment in an amount to be determined at trial and believed to be in excess of $1.7 million, together with interest, reasonable attorney's fees and costs, and such further relief as the Court may deem just and proper;

d. On the Fourth Cause of Action a Declaratory Judgment asserting that the guarantors of Surrey Equities, LLC and Surrey Management, LLC, including Jacob Frydman, may set off, against any sums allegedly due from them, in an amount to be proven at trial, believed to be in excess of $1.7 million.

e. The costs and disbursements incurred in this action, together with such other and further relief as this Court deems just and proper.

Dated: New York, New York  
March 1, 2011

WROBEL & SCHATZ LLP

By: _____  
David C. Wrobel, Esq.  
Attorneys for Plaintiffs  
1040 Avenue of the Americas  
11th Floor  
New York, New York 10018-3703  
212-421-8100